## Case No. 16,590.

UNITED STATES v. TWO TONS OF COAL.

[5 Blatchf. 386.] 1

Circuit Court, E. D. New York. March 4, 1867.

INTERNAL REVENUE—SEIZURE FOR FORFEITURE—RELEASE ON BOND.

1. The question of releasing, on bond, property seized for a violation of the internal revenue laws, considered.

2. Reasons assigned for refusing the privilege of bonding, in this case.

[3. Cited in Coffey v. U. S., 6 Sup. Ct. 435, 116 U. S. 433, as one of the instances in which suits of this character have been brought originally in the circuit courts.]

This was an application for the discharge of certain property under seizure, upon giving bond for its value. The property consisted of a still, a worm, a mash-tub, and other apparatus used for distilling, which had been seized for an alleged violation of the internal revenue laws.

BENEDICT, District Judge. In ordinary revenue causes, where the detention of property until the trial will cause serious injury to the claimants, and where its release upon bail can be granted upon good security and without detriment to the public interests, the application to bond has hitherto been granted in this court almost as a matter of course. Experience throws some doubt upon the expediency of the practice in any case. But, in this case, the facts submitted cannot be considered as affording ground for the exercise of such a discretion. The reasons urged are, that the claimant is a poor man, with a large family dependent upon him; that certain persons, whose names are not given, loaned him the money to procure the still and engage in the business of distilling; and that it is necessary he should have possession of the still in order that he may not lose his time and the value of the money expended in the purchase of the apparatus. But no profit can now be derived from using such a still as this, for the tax upon the product is greater than its market value. The detention of the property in question will, therefore, entail no loss upon the claimant and, to surrender it, would subject the claimant to the temptation of defrauding the government in its use, to save himself from loss and procure support for his family. Besides, it appears that the claimant has not paid any special tax. nor has any inspector been appointed for him, and, therefore, he cannot lawfully use his still. The motion must, therefore, be denied.